UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-216-HRW

KELLY LUNSFORD, PLAINTIFF,

v.     MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges disability beginning on April 1, 2008, due to "morbid obesity, diabetes, asthma, COPD, anemia, high blood pressure, possible leukemia [and] back pain" (Tr. 308). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Bonnie Kittinger (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Harpool, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 19-31). Plaintiff was 37 years old on the alleged date of onset. She completed high school and has had phlebotomist and nurse's aide training (Tr. 47). Although she has not worked since she allegedly became disabled, she has worked as an appointment clerk/ office assistant (Tr. 29).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffers from essential hypertension, obesity, fibromyalgia and osteoarthritis, which she found to be "severe" within the meaning of the Regulations (Tr. 21-24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24-25).

The ALJ further found that Plaintiff could perform to her past relevant work (Tr. 29). She further determined that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of sedentary to light work (Tr. 21). Specifically, the ALJ found that Plaintiff could perform sedentary work that involved lifting and carrying up to 20 pounds occasionally and 10 pounds frequently (the lifting requirements of light work) but could only stand and walk for a total of two hours per eight-hour workday and needed to be able to alternate between sitting and standing every 45 minutes; could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; could never climb ladders and scaffolds; and should avoid concentrated exposure to hazards and pulmonary irritants (Tr. 25). The ALJ went on to find based on vocational expert testimony (*see* Tr. 74-75) that Plaintiff could perform her past work as a scheduler/appointment clerk (Tr. 29) as well as other jobs that exist in significant numbers in the national economy (Tr. 30-31). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act (Tr. 31).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997)

On appeal, Plaintiff contends that the ALJ did not fully consider the record, particularly with regard to the medical evidence. Notably, Plaintiff has **not** challenged the ALJ's weighing of the medical source opinions. As such, she has waived this argument. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.").

A review of the ALJ's written decision reveals that she reviewed the voluminous record (nearly 1,000 pages) in this case, stating several times that she considered "the entire record" (Tr. 19, 21 and 25). The lion's share of the decision is devoted to an analysis of the medical evidence. Fatal to Plaintiff's argument in this regard is she has not pointed to any portions of the record which she claims were ignored by the ALJ which, in fact, support her claim of disabling limitations. Moreover, the ALJ is not required to catalogue each and every discrete piece of evidence. *See Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010) (unpublished ("Neither the ALJ nor the Council is required to discuss each piece of data in its

4

opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion."); *Wheeler v. Apfel*, 224 F.3d 891, 896 n.3 (8th Cir. 2000) ("That the ALJ did not attempt to describe the entirety of Wheeler's medical history does not support Wheeler's argument that the ALJ disregarded certain aspects of the record." (citation omitted)).

The Court finds no error in the ALJ's assessment of the record.

Plaintiff also claims that the ALJ did not properly evaluate her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

Again, it is clear from the ALJ's decision that she thoroughly recounted Plaintiff's symptoms, to-wit, disabling limitations including chronic pain, fatigue, and migraines (Tr. 25-26). Yet, the ALJ also found that despite Plaintiff's allegations of disabling pain, the medical evidence told a different story. The ALJ noted that, on examinations at the Arthritis and Osteoporosis Center of Kentucky, Dr. Mansoor Ahmed noted normal gait and station; normal stance; full (5/5) muscle strength in her arms and legs; intact sensation in her arms and legs; normal muscle tone, bulk, and power in her arms and legs; and normal reflexes, but some tenderness (Tr. 27, *see* Tr. 932, 936-37). The ALJ also noted that, instead of recommending that Plaintiff remain completely sedentary because of her complaints of pain, Dr. Ahmed recommended that she engage in aerobic exercise and water aerobics (Tr. 934, 938).

Additionally, the ALJ found that inconsistencies in the record detracted from Plaintiff's claims of disabling limitations (Tr. 27). *See* 20 C.F.R. § 404.1529(c)(4) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the rest of the evidence); Specifically, the ALJ noted that Plaintiff's reported daily activities—including preparing meals, doing laundry, and driving (Tr. 320-25)—were both inconsistent with her complaints of disabling pain and limitations and inconsistent with her testimony at the hearing that she did not drive; did nothing aside from check the weather, read, pet her cat, and watch television; and could not even use the stairs to go to the bathroom (Tr. 46-47, 56-59).

Moreover, the ALJ noted that Plaintiff unequivocally testified when asked that she did not smoke marijuana and "never was a marijuana smoker" but, when asked why she screened positive for marijuana at a recent hospital visit (Tr. 1029), she stated that she must have smoked with a friend but did not remember (Tr. 27, *see* Tr. 69-70). *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

Given the inconsistencies between Plaintiff's testimony and the record, the Court finds that the ALJ's evaluation of Plaintiff's credibility is reasonable and supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of September, 2016.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge